J-S43026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LESLIE MOLLETT | |
| Appellant | No. 1848 WDA 2016 |

Appeal from the PCRA Order Dated November 21, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000254-2006

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 25, 2017**

Appellant, Leslie Mollett, appeals from the order denying his petition filed under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

On October 24, 2007, a jury convicted Appellant of the first-degree murder of State Trooper Joseph Pokorny, and related charges of carrying a firearm without a license, disarming a law enforcement officer, fleeing or attempting to elude a police officer, resisting arrest and unlawful possession of a firearm.[1]  On December 20, 2007, the trial court sentenced Appellant to life in prison.  Appellant filed a direct appeal, and this Court affirmed his

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S. §§ 2502(a), 6106, 5104.1; 75 Pa.C.S. § 3733; 18 Pa.C.S. §§ 5104, 6105.

judgment of sentence. ***Commonwealth v. Mollett***, 5 A.3d 291 (Pa. Super. 2010), ***appeal denied***, 14 A.3d 826 (Pa. 2011).

On March 26, 2012, Appellant filed the underlying PCRA petition *pro se*.[2] The PCRA court appointed the Office of Conflict Counsel to represent Appellant. Counsel filed an amended PCRA petition on December 23, 2015.[3] The amended petition raised three claims of trial counsel's ineffectiveness: 1) that counsel interfered with Appellant's right to testify on his own behalf; 2) that counsel failed to object to the "substantial presence" of state troopers during Appellant's trial and in the presence of the jury; and 3) that counsel failed to make the argument that Appellant could not have shot Trooper Pokorny because Trooper Pokorny had maced Appellant and rendered him unable to see well enough to shoot Trooper Pokorny.

The Commonwealth filed an answer on June 7, 2016[4] in which it requested an evidentiary hearing on Appellant's first claim regarding counsel's interference with Appellant's right to testify. The Commonwealth

_____

[2] Appellant's petition was timely because it was filed within a year after his sentence became final. ***See*** 42 Pa.C.S. § 9545(b)(3). Appellant's sentence became final on May 3, 2011, when the 90-day period for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13. Therefore, Appellant had until May 3, 2012 to file a timely PCRA petition.

[3] The Office of Conflict Counsel requested and was granted 11 extensions of time to file the amended petition.

[4] The Commonwealth requested and was granted two extensions of time to file the answer.

further requested that "the remainder of the petition . . . be dismissed without a hearing." On June 20, 2016, the PCRA court granted the Commonwealth's request and ordered that an evidentiary hearing be held "only" on "ineffectiveness of counsel for interfering with the right to testify." The hearing occurred on November 16 and 17, 2016. The PCRA court dismissed Appellant's petition on November 22, 2016. Appellant filed this timely appeal.

Appellant presents a single for our review:

Did the post-conviction court err by improperly denying [Appellant's] claims for relief based on officer presence in the courtroom during trial and trial counsel's failure to present an alternative theory of the case without a reasonable strategic basis without a hearing or proper notice that a hearing would not be granted?

Appellant's Brief at 3.

Our standard of review is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). There is no absolute right to an evidentiary hearing on a PCRA

petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 956 A.2d 433 (Pa. 2008).

Appellant seeks post-conviction relief on the basis that trial counsel was ineffective. The law presumes that counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on the petitioner. ***Id.*** To satisfy this burden, the petitioner must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of this test will result in rejection of the petitioner's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellant argues that the "sole issue on appeal relates to [his] procedural due process rights." Appellant's Brief at 6. Appellant asserts that remand is warranted because the PCRA court erred by denying two of his claims without a hearing and without notice pursuant to Pa.R.Crim.P. 907, which provides:

**Disposition Without Hearing**

(1)     the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice.   The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

(2)     A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

(3)     The judge may dispose of only part of a petition without a hearing by ordering dismissal of or granting relief on only some of the issues raised, while ordering a hearing on other issues.

(4)     When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

(5)     When the petition is granted without a hearing, the judge promptly shall issue an order granting a specific form of relief, and issue any supplementary orders appropriate to the proper disposition of the case. The order shall be filed and served as provided in Rule 114.

        *Comment:* The judge is permitted, pursuant to paragraph (1), to summarily dismiss a petition for post-conviction

collateral relief in certain limited cases. To determine whether a summary dismissal is appropriate, the judge should thoroughly review the petition, the answer, if any, and all other relevant information that is included in the record. If, after this review, the judge determines that the petition is patently frivolous and without support in the record, or that the facts alleged would not, even if proven, entitle the defendant to relief, or that there are no genuine issues of fact, the judge may dismiss the petition as provided herein.

Pa.R.Crim.P. 907.

Appellant maintains that the trial court violated Rule 907 and "failed to formally provide notice that the second and third claims would be dismissed *without* a hearing and the reasons for that dismissal." Appellant's Brief at 9 (emphasis in original). Appellant asserts that, as a result, he "had no opportunity to argue to the PCRA court why an evidentiary hearing was warranted for these claims." *Id.* at 9-10. Appellant seeks remand because "these [two] issues were of arguable merit such that he is entitled to at least present them at an evidentiary hearing." *Id.* at 10.

The Commonwealth counters that Rule 907 notice was not warranted where the PCRA court held an evidentiary hearing on "one but not all ineffectiveness claims raised in [A]ppellant's PCRA petition." Commonwealth Brief at 1, 40. The Commonwealth contends, "Rule 907 contains no provision requiring the court to issue a notice of its intent to dismiss the remaining claims." *Id.* at 40. The Commonwealth adds that the denial of Appellant's petition was proper because Appellant's remaining claims were without merit, as Appellant "failed to demonstrate that the troopers' mere

presence created an unacceptable risk of the jury considering improper factors" or prejudiced Appellant, and Appellant "failed to develop any argument whatsoever as to his self-serving, baseless assertion that counsel should have developed a defense theory that there was another shooter." *Id.*[5]

Our review of the notes of testimony from the PCRA hearing reveals that at the outset, the court addressed Appellant's counsel and the following exchange occurred:

> [**THE COURT**]: Counsel, we have [Appellant] here. This is a PCRA hearing, and it is your current desire, I take it, to memorialize part of your case, the testimony of [trial counsel]. **The record will remain open for other matters that you may file in your discretion that are appropriate to bring to the attention of the Court; is that right**?
>
> [**APPELLANT'S COUNSEL**]: Good afternoon. May it please the Court, Kayleigh Shebs on behalf of [Appellant]. **That is correct**.
>
> [**THE COURT**]: **Any objection to that**, [**Commonwealth**]?
>
> [**DISTRICT ATTORNEY**]: May it please the Court, Rusheen Pettit on behalf of the Commonwealth. **And no, we do not have an objection**.

N.T., 11/16/16, at 3-4 (emphasis added). Appellant's trial counsel, John Elash, took the stand on the first day of the hearing. The hearing was

---

[5] In support of its argument, the Commonwealth has included a lengthy recitation of the facts of the case, with citations to the notes of testimony from the jury trial. Commonwealth Brief at 4-39.

continued for a second day, at which Appellant testified. At the end of the second day, the notes of testimony read:

> [**DISTRICT ATTORNEY**]: That's all I have.
>
> **THE COURT**: Anything else for the gentleman?
>
> [**APPELLANT'S COUNSEL**]: No, Your Honor.
>
> **THE COURT**: Thank you, sir. You may step down. **Any other testimony?**
>
> [**APPELLANT'S COUNSEL**]: **No, Your Honor.**
>
> **THE COURT**: Any testimony on behalf of the Commonwealth?
>
> [**DISTRICT ATTORNEY**]: No, Your Honor.
>
> **THE COURT**: **So the record is closed in this matter**?
>
> [**APPELLANT'S COUNSEL**]: **That's correct, Your Honor**.

N.T., 11/17/16, at 20-21 (emphasis added).

Based on this record, we disagree with Appellant's assertion that he is entitled to relief based on the PCRA court's "formal" violation of Rule 907. To the contrary, Appellant was informed that the trial court was prepared to dispose of his second and third claims without a hearing. On June 20, 2016, in response to the Commonwealth's June 7, 2016 request, the PCRA court ordered "an evidentiary hearing as to Claim 1 only (ineffectiveness of counsel for interfering with the right to testify)," thereby making clear that it did not plan to hold a hearing on the other two claims. Appellant did not file anything in the ensuing months that objected to the court's order or sought

its reconsideration. At the November 16 and 17, 2016 hearing, when the court stated that the record would "remain open for other matters that you may file in your discretion that are appropriate to bring to the attention of the Court," Appellant did not seek to raise his other two issues as such "other matters," and at the conclusion of the hearing he agreed that "the record is closed in this matter." N.T., 11/16/16, at 3; N.T., 11/17/16, at 20-21. We thus reject Appellant's argument that he "had no opportunity to argue to the PCRA court why an evidentiary hearing was warranted for these claims." Appellant's Brief at 9-10. Appellant therefore is not entitled to relief.

Further, contrary to Appellant's argument, the PCRA court did not "summarily dismiss" Appellant's claims. In **Commonwealth v. Albrecht**, 720 A.2d 693 (Pa. 2008), the Supreme Court addressed the appellant/ petitioner's argument that a remand was needed "because the PCRA court failed to provide adequate notice of its intent to dismiss his petition," and stated:

> [T]he Pennsylvania Rule[] of Criminal Procedure requires that, where upon review of the petition and answer the PCRA court is convinced that no meritorious issues are presented and dismissal is appropriate without further proceedings, the court shall provide the defendant notice of its intention to dismiss and 10 days to respond with reasons why dismissal is inappropriate. Here, the PCRA court did not summarily dismiss the petition upon initial review, but rather ordered the appointment of counsel, the filing of an amended petition, and the briefing of the legal issues presented. Therefore, [the] Rule [], by its own terms, is inapplicable . . .

*Albrecht*, 720 A.2d at 709–710.[6]  For similar reasons, the PCRA court in this case did not "summarily dismiss" Appellant's PCRA petition.

In addition to appointing counsel and reviewing the parties' pleadings, the PCRA court convened a hearing which – while held for the introduction of evidence on only one claim – provided Appellant with the opportunity to respond and otherwise address the court's preclusion of evidence on his two other claims.  At the outset, the court stated that "the record will remain open for other matters that [Appellant] may file in [his] discretion that are appropriate to bring to the attention of the Court."  N.T., 11/16/16, at 3-4.  And at the end of the hearing, the court "clos[ed] this matter" only after obtaining the agreement of counsel and after being advised by Appellant's counsel that he had no other testimony to present.  N.T., 11/17/16, at 20-21.  Thus, Appellant has not demonstrated that the PCRA court violated Rule 907; Appellant "was afforded both further proceedings and [the] opportunity to present arguments in support of [his] petition, which is all [the] rule requires."  *Commonwealth v. Weimer*, --- A.3d ----, 2017 WL 2893962 (Pa. Super. 2017), *citing Albrecht*, *supra*.

Finally, even if we assume *arguendo* that the PCRA court violated Rule 907, the procedural error would be harmless.  The PCRA court declined to

---

[6] *Albrecht* references Rule 1507, which was the predecessor to Rule 907. Rule 1507(a) was nearly identical to Rule 907, but Rule 1507(a) granted a petitioner only ten days, not 20, to respond to the court's notice of its intent to dismiss the petition without holding an evidentiary hearing.  *See Albrecht*, 720 A.2d at 709 n. 18 (quoting Pa.R.Crim.P. 1507(a)).

hold a hearing on Appellant's two other claims because it determined that no genuine issues of material fact existed. *See* PCRA Court Opinion, 3/10/17, at 3-4; *Jones*, 942 A.2d at 906. The PCRA court stated the three-prong test necessary to overcome the presumption of trial counsel's effective representation. PCRA Court Opinion, 3/10/17, at 2-3; *Fulton*, 830 A.2d at 572. With regard to Appellant's claims that he was prejudiced by the presence of police officers during his trial and that counsel failed to present a theory that someone else was the shooter, the PCRA court explained:

> Our constitution provides that all proceedings before the Courts are to be open to the public. Thus, this Court does not have the authority to prohibit the police officers from attending the trial. That being said, the Court did prohibit the officers from appearing in their police uniforms, either in the hallway or in the courtroom. The mere presence of police officers, which can reasonably be anticipated in a trial concerning the shooting death of one of their own, without more, does not sufficiently demonstrate that [Appellant] was denied a fair trial.
>
> The third allegation claims that trial counsel rendered ineffective assistance in failing to present a theory to the jury that a[nother] shooter was involved. In essence, [Appellant] claims that because the deceased trooper had sprayed mace in his face, he would have been unable to see well enough to shoot the trooper and to drive home; therefore, a[nother] person must have been the actual shooter. As this theory is completely far-fetched and, in fact, pure fantasy, the Court cannot find trial counsel ineffective for failing to argue it to the jury. Trial counsel is not required to posit non-meritorious arguments or theories to the jury. As such, this claim was properly dismissed.

PCRA Court Opinion, 3/10/17, at 3-4.

Consistent with the foregoing, we conclude that the PCRA court's order dismissing Appellant's PCRA petition is supported by the evidence of record and free of error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017